IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


BRAQUELLE LAWSON, ON BEHALF OF                                    PLAINTIFFS
HERSELF AND ALL OTHERS SIMILARLY SITUATED;
RAMONICA MANNEY, ON BEHALF  OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED;
OKAYLA WILLIAMS, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED;
CHRISTOPHER WILLIAMS, ON BEHALF OF
HIMSELF AND OTHERS SIMILARLY SITUATED;
MELISSA COOPER, ON BEHALF  OF
HERSELF AND OTHERS SIMILARLY SITUATED; AND
JOYCE BASS, ON BEHALF  OF
HERSELF AND OTHERS SIMILARLY SITUATED,
BERNARDO BLANSETT, ON BEHALF OF
HIMSELF AND OTHERS SIMILARLY SITUATED,
CAROLYN CRAFT, ON BEHALF OF
HERSELF AND OTHERS SIMILARLY SITUATED,
WILLEY MCGRUGER, ON BEHALF OF
HERSELF AND OTHERS SIMILARLY SITUATED,
HAYLEE RICHARDSON, A MINOR, BY AND THROUGH
HER MOTHER, STACY RICHARDSON, ON BEHALF OF
HERSELF AND OTHERS SIMILARLY SITUATED,
DYLAN RICHARDSON, ON BEHALF OF
HIMSELF AND OTHERS SIMILARLY SITUATED,
PATRICIA ROBERTSON, ON BEHALF OF
HERSELF AND OTHERS SIMILARLY SITUATED,
JOEL ROBERTSON, ON BEHALF OF
HIMSELF AND OTHERS SIMILARLY SITUATED


VS.                                      CIVIL ACTION NO. 3:14CV712-DPJ-FKB


COMMUNITY HEALTH SYSTEMS, INC.,                                  DEFENDANTS
A  DELAWARE CORPORATION;
COMMUNITY HEALTH SYSTEMS PROFESSIONAL
SERVICES CORPORATION, A DELAWARE CORPORATION;
RIVER OAKS HOSPITAL, LLC, A MISSISSIPPI CORPORATION;
VICKSBURG HEALTHCARE, LLC D/B/A RIVER REGION MEDICAL CENTER D/B/A
RIVER REGION HEALTH SYSTEMS, A DELAWARE CORPORATION;
BRANDON HMA, LLC D/B/A CROSSGATES RIVER OAKS HOSPITAL, LLC, A
MISSISSIPPI CORPORATION;

MADISON HMA, LLC D/B/A MADISON RIVER OAKS MEDICAL CENTER D/B/A
MADISON RIVER OAKS HOSPITAL, A MISSISSIPPI CORPORATION;
CENTRAL MISSISSIPPI MEDICAL CENTER, A MISSISSIPPI CORPORATION; AND
NATCHEZ COMMUNITY HOSPITAL, LLC, A MISSISSIPPI CORPORATION

## SECOND AMENDED CLASS ACTION COMPLAINT

### JURY DEMAND

**COME NOW,** Plaintiffs, Braquelle Lawson, Ramonica Manney, Okayla Williams, Christopher Williams, Melissa Cooper, Joyce Bass, Bernardo Blansett, Carolyn Craft, Willey McGruger, Haylee Richardson, a Minor, by and through her Mother, Stacy Richardson, Dylan Richardson, Patricia Robertson, and Joel Robertson, on behalf of themselves and all others similarly situated, by and through their attorneys, and bring this action against Defendants Community Health Systems, Inc.; Community Health Systems Professional Services Corporation; Community Health Systems, Inc., Community Health Systems Professional Services Corporation, River Oaks Hospital, LLC, Vicksburg Healthcare, LLC d/b/a River Region Medical Center d/b/a River Region Health Systems, Brandon HMA, LLC d/b/a Crossgates River Oaks Hospital, LLC, Madison HMA, LLC d/b/a Madison River Oaks Medical Center d/b/a Madison River Oaks Hospital, Central Mississippi Medical Center and Natchez Community Hospital, LLC, and hereby allege as follows:

### PARTIES

1. Plaintiff Braquelle Lawson, individually and as class representative, is a resident of Hinds County, Mississippi.  Lawson was treated at Central Mississippi Medical Center and River Region Medical Center at all times material to this Complaint.

2.    Plaintiff Ramonica Manney, individually and as class representative, is a resident of Madison County, Mississippi.  Manney was treated at Madison River Oaks Hospital at all times material to this Complaint.

3.  Plaintiff Okayla Williams, individually and as class representative, is a resident of Hinds County, Mississippi.  Williams was treated at River Oaks Hospital at all times material to this Complaint.

4.    Plaintiff Christopher Williams, individually and as class representative, is a resident of Hinds County, Mississippi.  Williams was treated at River Oaks Hospital at all times material to this Complaint.

5.  Plaintiff Melissa Cooper, individually and as class representative, is a resident of Hinds County, Mississippi.  Cooper was treated at Crossgates River Oaks Hospital f/k/a Rankin Medical Center at all times material to this Complaint.

6.  Plaintiff Joyce Bass, individually and as class representative, is a resident of Hinds County, Mississippi.  Bass was treated at Natchez Community Hospital at all times material to this Complaint.

6a.   Plaintiff Bernardo Plansett, individually and as class representative, is a resident of Hinds County, Mississippi.  Blansett was treated at River Oaks Hospital and River Oaks Crossgates at all times material to this Complaint.

6b.  Plaintiff Carolyn Craft, individually and as class representative, is a resident of Madison County, Mississippi.   Craft was treated at River Oaks Hospital at all times material to this Complaint.

6c.  Plaintiff Willey McGruger, individually and as class representative, is a resident of Madison County, Mississippi.  McGruger was treated at Madison River Oaks Hospital at all times material to this Complaint.

6d.   Plaintiff Haylee Richardson, a Minor, by and through her mother Stacy Richardson, as class representative, is a resident of Hinds County, Mississippi.  Haylee Richardson was treated at River Oaks Crossgates and River Oaks Hospital at all times material to this Complaint.

6e.  Dylan Richardson, individually and as class representative, is a resident of Hinds County, Mississippi.  Dylan Richardson was treated at River Oaks Crossgates and River Oaks Hospital at all times material to this Complaint.

6f.  Patricia Robertson, individually and as class representative, is a resident of Hinds County, Mississippi.  Patricia Robertson was treated at River Oaks Hospital and River Oaks Crossgates at all times material to this Complaint.

6g.  Joel Robertson, individually and as class representative, is a resident of Hinds County, Mississippi.   Joel Robertson was treated at River Oaks Hospital at all times material to this Complaint.

7.  Defendant Community Health Systems, Inc. (hereinafter "CHS") is a Delaware corporation with its principal place of business in Tennessee.   Defendant, upon information and belief, does business in Mississippi, as well as 28 other states. CHS is the parent company that owns and operates, through subsidiaries, 206 general acute care hospitals in 29 states with approximately 31,000 licensed beds. CHS is, or was at all relevant times, the parent company for the named hospital defendants.

8.   Defendant Community Health Systems Professional Services Corporation (hereinafter "CHSPSC") is a Delaware corporation with its principal place of business in Tennessee.  Upon information and belief, CHSPSC does business in Mississippi as well as 28 other states.

9.   Defendant River Oaks Hospital, LLC (hereinafter "River Oaks Hospital") is a Mississippi company with its principal place of business in Rankin County, Mississippi. River Oaks Hospital is, or was at all relevant times, a subsidiary of CHS that operates a hospital in Rankin County, Mississippi.

10.   Defendant Vicksburg Healthcare, LLC d/b/a River Regional Medical Center d/b/a River Region Health Systems (hereinafter "River Region Medical Center") is a Delaware company with its principal place of business in Warren County, Mississippi. River Region Medical Center is, or was at all relevant times, a subsidiary of CHS that operates a hospital in Warren County, Mississippi.

11.   Defendant Brandon HMA, LLC d/b/a Crossgates River Oaks Hospital, LLC (hereinafter "Crossgates River Oaks Hospital") is a Mississippi corporation with its principal place of business in Rankin County, Mississippi.  Crossgates River Oaks Hospital is, or was at all relevant times, a subsidiary of CHS that operates a hospital in Rankin County, Mississippi.

12.   Defendant Madison HMA, LLC d/b/a Madison River Oaks Medical Center d/b/a Madison River Oaks Hospital (hereinafter "Madison River Oaks") is a Mississippi corporation with its principal place of business in Madison County, Mississippi.  Madison River Oaks Medical Center does business as Madison River Oaks Hospital.  Madison

River Oaks Hospital is, or was at all relevant times, a subsidiary of CHS that operates a hospital in Madison County, Mississippi.

13.   Defendant Central Mississippi Medical Center (hereinafter "CMMC") is a Mississippi corporation with its principal place of business in Hinds County, Mississippi. CMMC is, or was at all relevant times, a subsidiary of CHS that operates a hospital in Hinds County, Mississippi.  CMMC may be served with service of process upon its Chief Executive Officer, Charlotte Dupre.

14.   Defendant Natchez Community Hospital, LLC (hereinafter "Natchez Community Hospital") is a Mississippi corporation with its principal place of business in Adams County, Mississippi.  Natchez Community Hospital is, or was at all relevant times, a subsidiary of CHS that operates a hospital in Adams County, Mississippi.

## <u>JURISDICTION & VENUE</u>

15.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action brought by citizens of a State that is different from the State where  at least one of the Defendants is incorporated or does business.

16.  Venue is proper in this judicial district under 28 U.S.C. §1391 because the Defendants do business throughout this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.  At all times material hereto, Defendants were and are in the business of providing services through general acute care hospitals throughout Mississippi, this judicial district, and in 28 other states, by and through various hospitals operated through subsidiary companies.

## SUMMARY OF THE CASE

17.  This is a consumer class action lawsuit brought by Plaintiffs, individually and on behalf of all other similarly situated persons (i.e., the class members), whose personal information (*e.g.*, patient names, addresses, birthdates, telephone numbers, and social security numbers and, possibly including, patient credit card, medical or clinical information) (hereinafter "Sensitive Information") considered protected under the Health Insurance Portability and Accountability Act ("HIPAA") entrusted to Defendants was stolen and/or made accessible to hackers and identity thieves.

18.  As a result of Defendants' failure to implement and follow basic security procedures, Plaintiffs' Sensitive Information is now in the hands of thieves. Plaintiffs now face a substantial increased risk of identity theft, if not actual identity theft. Consequently, Defendants' patients and former patients will have to spend significant time and money to protect themselves.

19.  Additionally, as a result of Defendants' failure to follow contractually-agreed upon, federally-prescribed, industry standard security procedures, Plaintiffs received only a diminished value of the services they paid Defendants to provide. Plaintiffs contracted for services that included a guarantee by Defendants to safeguard their personal information and, instead, Plaintiffs received services devoid of these very important protections. Accordingly, Plaintiffs allege claims for breach of contract, breach of implied contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, money had and received, negligence, negligence per se, wantonness, invasion of privacy, and violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA").

## FACT COMMON TO ALL COUNTS

20.  Plaintiffs are patients and customers of Defendants' hospitals.

21.  In the regular course of business, Defendants collect and maintain possession, custody, and control of a wide variety of Plaintiffs' Sensitive Information, including, but not limited to patient credit card, medical or clinical information and history, patient names, addresses, birthdates, telephone numbers and social security numbers.

22.  Plaintiffs and Defendants agreed that, as part of the services provided to Plaintiffs, Defendants would protect Plaintiffs' Sensitive Information.

23.  This agreement to protect Plaintiffs' Sensitive Information was a value added to the services provided by Defendants that was considered a benefit of the bargain for which Plaintiffs paid adequate consideration.

24.  Upon information and belief, a portion of the consideration paid by Plaintiffs was accepted and rendered proceeds by Defendants that was allocated to protecting and securing Sensitive Information and ensuring HIPAA compliance.  This allocation was made for the purpose of offering patients and customers, such as Plaintiffs, to add value to the services provided by agreeing to protect Sensitive Information.

25.  Defendants stored Plaintiffs' Sensitive Information in an unprotected, unguarded, unsecured, and/or otherwise unreasonably protected electronic and/or physical location.

26.  Defendants did not adequately encrypt, if at all, Plaintiffs' Sensitive Information.

27.  Defendants did not provide adequate security measures to protect Plaintiffs' Sensitive information.

28.  In or around April 2014 and June 2014, an "Advanced Persistent Threat" group originating from China accessed, copied, and transferred Plaintiffs' Sensitive Information from Defendants.

29.   Upon information and belief, this "Advanced Persistent Threat" group has typically sought valuable intellectual property, such as medical device and equipment development data.

30.   CHS claims to have "confirmed that this data did not include patient credit card, medical or clinical information" but the data accessed, copied, and transferred did include Plaintiffs'' information that is "considered protected under the Health Insurance Portability and Accountability Act ("HIPAA") because it includes patient names, addresses, birth dates, telephone numbers and social security numbers."

31.   On or about August 18, 2014, CHS filed a Form 8-K with the United States Securities and Exchange Commission that provided the first notification of the data breach. This filing stated that the data breach "affected approximately 4.5 million individuals."  This filing also states that those who are affected were provided services by CHS within the last five years.

32.   Defendants have taken no action to promptly notify its patients that were affected by the breach.

33.   Defendants' failure to notify its patients of this data breach in a reasonable time caused Plaintiffs to remain ignorant of the breach and, therefore, Plaintiffs were unable to take action to protect themselves from harm.

34.   Defendants designed and implemented their policies and procedures regarding the security of protected health information and Sensitive Information. These

policies and procedures failed to adhere to reasonable and best industry practices in safeguarding protected health information and other Sensitive Information.   Upon information and belief, Defendants failed to encrypt, or adequately encrypt, Plaintiffs' Sensitive Information.

35.   By failing to fulfill their promise to protect Plaintiffs' Sensitive Information, Defendants have deprived Plaintiffs' of the benefit of the bargain.  As a result, Defendants cannot equitably retain payment from Plaintiffs—part of which was intended to pay for the administrative costs of data security—because Defendants did not properly secure Plaintiffs' information and data.

## INDIVIDUAL FACTS

**Braquelle Lawson**

36.   Lawson was a patient at River Regional Medical Center on March 8, 2013. Lawson provided personal and Sensitive Information to Defendants CHS and River Region Medical Center on this date.

37.   As an essential part of the services provided, Defendants CHS and River Region Medical Center agreed to protect her personal and Sensitive Information.

38.   Lawson was a patient at Central Mississippi Medical Center on March 5, 2013. Lawson provided personal and Sensitive Information to Defendants CHS and River Region Medical Center on this date.

39.   As an essential part of the services provided, Defendants CHS and River Region Medical Center agreed to protect her personal and Sensitive Information.

40.   As a result of the data breach, Lawson has suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants—part of which

was intended to pay for the administrative costs of data security—because Defendants did not properly secure Lawson's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Ramonica Manney**

41.  Manney was a patient at Madison River Oaks Hospital on August 13, 2013. Manney provided personal and Sensitive Information to Defendants CHS and Madison River Oaks Hospital on this date.

42.  As an essential part of the services provided, Defendants CHS and Madison HMA, LLC d/b/a Madison River Oaks Hospital agreed to protect her personal and Sensitive Information.

43.  As a result of the data breach, Manney has suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because Defendants did not properly secure Manney's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Okayla Williams**

44.  Okayla Williams was a patient at River Oaks Hospital on January 15, 2013. Williams provided personal and Sensitive Information to Defendants CHS and River Oak Hospital on this date.

45.  As an essential part of the services provided, Defendants CHS and River Oaks Hospital agreed to protect her personal and Sensitive Information.

46.  As a result of the data breach, Williams has suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants— part of which

was intended to pay for the administrative costs of data security—because Defendants did not properly secure Williams' personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Christopher Williams**

47.   Christopher Williams was a patient at River Oaks Hospital on January 15, 2013.   Williams provided personal and Sensitive Information to Defendants CHS and River Oak Hospital on this date.   Williams provided personal and Sensitive Information to Defendants CHS and River Oaks Hospital on this date.

48.   As an essential part of the services provided, Defendants CHS and River Oaks Hospital agreed to protect his personal and Sensitive Information.

49.   As a result of the data breach, Williams has suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants— part of which was intended to pay for the administrative costs of data security— because Defendants did not properly secure Williams' personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Melissa Cooper**

50.   Cooper has been a patient at Brandon HMA, LLC d/b/a Crossgates River Oaks Hospital f/k/a Rankin Medical Center numerous times in the last five years.   Her most recent hospital admissions were from June 2012 through March 2013.   Cooper provided personal and Sensitive Information to Defendants, CHS and Brandon HMA, LLC d/b/a Crossgates River Oaks Hospital f/k/a Rankin Medical Center on these dates.

51.  As an essential part of the services provided, Defendants CHS and Brandon HMA, LLC d/b/a Crossgates River Oaks Hospital f/k/a Rankin Medical Center agreed to protect her personal and Sensitive Information.

.     51a.  As a result of the data breach, Cooper has suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants— part of which was intended to pay for the administrative costs of data security— because  Defendants did not properly secure Cooper's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Joyce Bass**

52.  Bass was a patient at Natchez Community Hospital in 2012.  Bass provided personal and Sensitive Information to Defendants, CHS and Natchez Community Hospital on this date.

53.  As an essential part of the services provided, Defendants CHS and Natchez Community Hospital agreed to protect her personal and Sensitive Information.

.     53a.  As a result of the data breach, Bass has suffered emotional distress and economic harm, including but not limited to:  loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because  Defendants did not properly secure Williams' personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Bernardo Blansett**

53b.  Blansett was treated at River Oaks Hospital and River Oaks Crossgates at all times material to this Complaint.

53c.  As an essential part of the services provided, Defendants CHS and River Oaks Hospital and River Oaks Crossgates agreed to protect his personal and Sensitive Information.

53d.  As a result of the data breach, Blansett's personal and sensitive Information was compromised, including his social security number and credit card numbers.  Several of Blansett's credit cards and his social security number were used in China as a result of the breach, causing Blansett financial and other harm.

53e.  Additionally, Blansett has suffered emotional distress and economic harm, including but not limited to:  loss of payment to Defendants— part of which was intended to pay for the administrative costs of data security— because  Defendants did not properly secure Williams' personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Carolyn Craft**

53f.  Plaintiff Carolyn Craft was treated at River Oaks Hospital at all times material to this Complaint.

53g.  As an essential part of the services provided, Defendants CHS and River Oaks Hospital agreed to protect her personal and Sensitive Information.

54h.  As a result of the data breach, Craft's personal and sensitive Information was compromised.

54i.  Specifically, Craft's identification was stolen and used by another individual to obtain medical care, including kidney surgery.  As a result of this breach, Craft has suffered financial and other harm, including a year of effort and expense on her part to demonstrate that her identification had been stolen and that she was not the individual

who obtained kidney surgery using her identification stolen from River Oaks Hospital as a result of its failure to implement basic security measures to protect Sensitive Information.

54j.   Additionally, Craft has suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because  Defendants did not properly secure Craft's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Willey McGruger**

54k.  Plaintiff Willey McGruger was treated at Madison River Oaks Hospital at all times material to this Complaint.

54l.  As an essential part of the services provided, Defendants CHS and Madison River Oaks agreed to protect her personal and Sensitive Information.

.    54m.  As a result of the data breach, McGruger has suffered emotional distress and economic harm, including but not limited to: loss of payment to Defendants— part of which was intended to pay for the administrative costs of data security— because Defendants did not properly secure McGruger's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Haylee Richardson**

54n.  Plainiff Haylee Richardson was treated at River Oaks Crossgates and River Oaks Hospital at all times material to this Complaint.

54m.  As an essential part of the services provided, Defendants CHS and River Oaks Crossgates and River Oaks Flowood agreed to protect her personal and Sensitive Information.

.   53n.  As a result of the data breach, Richardson has suffered emotional distress and economic harm, including but not limited to:  loss of payment to Defendants—part of which  was  intended  to  pay  for  the  administrative  costs  of  data  security—because Defendants did not properly secure Richardson's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Dylan Richardson**

53o.  Dylan Richardson, individually and as class representative, is a resident of Hinds County, Mississippi.  Dylan Richardson was treated at River Oaks Crossgates and River Oaks Hospital at all times material to this Complaint.  As an essential part of the services provided, Defendants CHS and Natchez Community Hospital agreed to protect her personal and Sensitive Information.

.   53p.  As a result of the data breach, Richardson has suffered emotional distress and economic harm, including but not limited to:  loss of payment to Defendants—part of which  was  intended  to  pay  for  the  administrative  costs  of  data  security—because Defendants did not properly secure Richardson personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Patricia Robertson**

53q.  Patricia Robertson was treated at River Oaks Hospital and River Oaks Crossgates at all times material to this Complaint.

53r.  As an essential part of the services provided, Defendants CHS and River Oaks Hospital and River Oaks Crossgates agreed to protect her personal and Sensitive Information.

.    53s.  As a result of the data breach, Robertson has suffered emotional distress and economic harm, including but not limited to:  loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because Defendants did not properly secure Robertson's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**Joel Robertson**

53t.  Joel Robertson was treated at River Oaks Hospital at all times material to this Complaint.

53u.   As an essential part of the services provided, Defendants CHS and River Oaks Hospital agreed to protect his personal and Sensitive Information.

.    53v.  As a result of the data breach, Robertson has suffered emotional distress and economic harm, including but not limited to:  loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security— because Defendants did not properly secure Robertson's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

<u>**CLASS ALLEGATIONS**</u>

54.  Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of themselves and a Class and subclasses defined as follows:

55.  <u>**The Class**</u>: Plaintiffs bring this action on behalf of themselves and a Class of similarly situated individuals, defined as follows:

All individuals in the United States that are current or former customers/patients of CHS and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

Plaintiffs propose the following subclasses:

**a.   River Oaks Hospital Subclass:** Plaintiffs Okayla Williams, Christopher Williams, Bernardo Blansett, Carolyn Craft, Haylee Richardson Dylan Richardson, Patricia Robertson and Joel Robertson bring this action on behalf of themselves and a subclass of similarly situated individuals, defined as follows:

All individuals in the United States that are current or former customers/patients of CHS who treated at River Oaks Hospital and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

**b.   River Region Medical Center Subclass:** Plaintiff Braquell Lawson bring this action on behalf of herself and a subclass of similarly situated individuals, defined as follows:

All individuals in the United States that are  current or  former customers/patients of CHS who treated at River Region Medical Center and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

**c.   Crossgates River Oaks Hospital Subclass:**  Plaintiffs Melissa Cooper, Bernardo Blansett, Haylee Richardson, Dylan Richardson, and Patricia Robertson bring this action on behalf of themselves and a subclass of similarly situated individuals, defined as follows:

All individuals in the United States that are current or former customers/patients of CHS who treated at Crossgates River Oaks Hospital and whose  Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April 2014 and June 2014.

**d.  Madison River Oaks Hospital Subclass:**  Plaintiffs Ramonica Manney and Willey McGruger bring this action on behalf of themselves and a subclass of similarly situated individuals, defined as follows:

> All individuals in the United States that are current or former customers/patients of  CHS who treated at Madison River Oaks Hospital and whose Sensitive Information was accessed, copied, and transferred in the months on or about April 2014 and June 2014.

**e.  Central Mississippi Medical Center Subclass:**  Plaintiff Braquell Lawson brings this action on behalf of herself and a  subclass of similarly situated individuals, defined as follows:

> All individuals in the United States that are current or former customers/patients of CHS who treated at Central Mississippi Medical Centerl and whose Sensitive Information was accessed, copied, and transferred in the months on or about April 2014 and June 2014.

**f. Natchez Community Hospital:**  Plaintiff Joyce Bass brings this action on behalf of herself and a subclass of similarly situated individuals, defined as follows:

> All individuals in the United States that are  current or  former customers/patients of CHS who treated at Natchez Community Hospital and whose Sensitive Information was accessed, copied, and transferred in the months on or about April 2014 and June 2014.

Excluded from the Classes are:  (1)  any judge  presiding over  this action and members of  their  families; (ii)  Defendants, Defendants' subsidiaries, parents successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; persons who properly execute and file a timely request for exclusion from the Classes; and (iv) the legal representatives,  successors,  or  assigns of  any such excluded persons, as well as any individual who contributed to the unauthorized access of the data stored by Defendants.

56.  **Numerosity.**  Members of the Classes are so numerous that their individual joinder herein is impracticable.  Although the exact number of Class members and their addresses are unknown to Plaintiffs, they are readily ascertainable from Defendants' records. Upon information and belief, there are at least 4.5 million class members.  Class members may be notified of the pendency of this action by mail and/or electronic mail, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

57.  **Typicality.**  Plaintiffs' claims are typical of the Classes because Plaintiffs and the Classes sustained damages as a result of Defendants' uniform wrongful conduct during transactions with plaintiffs and Classes.

58.  **Adequacy.**  Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the members of the Class they seek to represent.  Plaintiffs have retained counsel competent and experienced in class action litigation, and Plaintiffs intend to prosecute this action vigorously.   The interest of members of the Classes will be treated fairly and adequately protected by Plaintiffs and their counsel.

59.  **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct.  Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct.  Even if members of the Classes could sustain such individual

litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

60.  **Commonality:** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members, and include, but are not limited to:

a.   Whether Defendants were negligent in collecting, storing, and protecting Plaintiffs' and the Class members' Sensitive Information;

b.  Whether Defendants were wanton in collecting, storing, and protecting Plaintiffs' and the Class mebmers' Sensitive Information;

c.   Whether Defendants took reasonable steps and measures to safeguard Plaintiffs' and Class members' Sensitive Information;

d.   Whether Defendants breached their duty to exercise reasonable care in handling Plaintiffs' and Class members' Sensitive  Information by storing that information in the manner alleged herein;

e.  Whether Defendants notified Plaintiffs and the Classes of the data breach within a reasonable amount of time;

f.  Whether implied or express contracts existed between Defendants, on the one hand, and Plaintiffs and the Class members on the other;

g.  Whether Plaintiffs and the Classes are at an increased risk of identity theft or other malfeasance as a result of Defendants' failure to protect their Sensitive Information;

h.  Whether Defendants stored Sensitive Information in reasonable manner under industry standards;

i.  Whether protecting Plaintiffs' Sensitive Information was a service provided by Defendants;

j.  Whether Defendants have unlawfully retained payment from Plaintiffs because of Defendants' failure to fulfill its agreement to protect Plaintiffs' Sensitive Information;

k.  Whether and to what extent Plaintiffs and the Classes have sustained damages.

l.  Whether Defendants were unjustly enriched;

m.  Whether Defendants violated the FCRA.

59.  Plaintiffs reserve the right to revise Class definitions and questions based upon facts learned in discovery;

## COUNT I

## UNJUST ENRICHMENT

61.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

62.  Defendants received payment from Plaintiffs to perform services that included protecting Plaintiffs' Sensitive Information.

63.  Defendants did not protect Plaintiffs' Sensitive information, but retained Plaintiffs' payments.

64.  Defendants have knowledge of said benefit.

65.   Defendants have been unjustly enriched and it would be inequitable for Defendants' to retain Plaintiffs' payments.

66.  As a result, Plaintiffs have been proximately harmed and/or injured.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT II

## MONEY HAD AND RECEIVED

67.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

68.  Defendants have received payment from Plaintiffs to perform services that included protecting Plaintiffs' Sensitive Information.

69.   Defendants did not protect Plaintiffs' Sensitive information, but retained Plaintiffs' payments.

70.  The law creates an implied promise by Defendants to pay it to Plaintiffs.

71.  Defendants have breached said implied promise.

72.   Defendants breach has proximately caused Plaintiffs to suffer harm and damages.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate  Plaintiffs for the above described

damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT III

## BREACH OF CONTRACT (EXPRESS AND IMPLIED)

73.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

74.  Plaintiffs paid money to Defendants in exchange for hospital services, which included promises to protect Plaintiffs' health information and Sensitive Information.

75.  In its written services contract, Defendants promised Plaintiffs that Defendants only disclose health information when required to do so by federal or state law.  Defendant further promised that it would protect Plaintiffs' Sensitive Information.

76.  Defendants promised to comply with all HIPAA standards and to make sure that Plaintiffs' health information and Sensitive  Information was protected.

77.  Defendants' promises to comply with all HIPAA standard to all HIPAA standards and to make sure that Plaintiffs' health information and Sensitive Information was protected created an implied contract.

78.  To the extent that it was not expressed, an implied contract was created whereby Defendants' promised to safeguard Plaintiffs' health information and Sensitive Information from being accessed, copied, and transferred by third parties.

79.  Under the implied contract, Defendants were further obligated to provide Plaintiffs with prompt and sufficient notice of any and all unauthorized access and/or theft of their Sensitive Information.

80.   Defendants did not safeguard Plaintiffs' health information and Sensitive Information and, therefore, breached its contract with Plaintiffs.

81.   Defendants allowed third parties to access, copy, and transfer Plaintiffs' heath information and Sensitive Information and, therefore, breached its contract with Plaintiffs.

82.   Furthermore, Defendants' failure to satisfy their confidentiality and privacy obligations resulted in Defendants providing services to Plaintiffs that were of a diminished value.

83.   As a result, Plaintiffs have been harmed and/or injured.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT IV

## NEGLIGENCE

84.   Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

85.   Defendants requested and came into possession of Plaintiffs' Sensitive Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed. Defendants' duty arose from the industry standards discussed above and its relationship with Plaintiffs.

86.  Defendants had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiffs' Sensitive Information. The breach of security,

unauthorized access, and resulting injury to Plaintiffs' and the Class and Subclasses were reasonably foreseeable, particularly in light of Defendants' inadequate data security system and failure to adequately encrypt the data.

87.   Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiffs by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding Plaintiffs' Sensitive Information within Defendants' control.

88.   Defendants, through their actions and/or omissions, breached their duty to Plaintiffs by failing to have procedures in place to detect and prevent access to Plaintiffs' Sensitive Information by unauthorized persons.

89.   But for Defendants' breach of their duties, Plaintiffs' Sensitive Information would not have been compromised.

90.   Plaintiffs' Sensitive Information was stolen and accessed as the proximate result of Defendants failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security measures and encryption.

91.   As a result, Plaintiffs have been harmed and/or injured.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury,  which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT V

## __WANTONNESS__

92.   Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

93.   Defendants knew, were substantially aware, should have known, or acted in reckless disregard that Plaintiffs would be harmed if Defendants did not safeguard and protect Plaintiffs' Sensitive Information.

94.   Defendants requested and came into possession of Plaintiffs' Sensitive Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed. Defendants' duty arose from the industry standards discussed above and its relationship with Plaintiffs.

95.   Defendants had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiffs' Sensitive Information.  The breach of security, unauthorized access, and resulting injury to Plaintiffs' and the Class and Subclasses were reasonably foreseeable, particularly in light of Defendants' inadequate data security system and failure to adequately encrypt the data.

96.   Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiffs by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding Plaintiffs' Sensitive Information within Defendants' control.

97.   Defendants, through their actions and/or omissions, breached their duty to Plaintiffs by failing to have procedures in place to detect and prevent access to Plaintiffs' Sensitive Information by unauthorized persons.

98.  But for Defendants' breach of its duties, Plaintiffs' Sensitive Information would not have been compromised.

99.  Plaintiffs' Sensitive Information was stolen and accessed as the proximate result of Defendants failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security measures and encryption.

100.  As a result, Plaintiffs have been harmed and/or injured.

THEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT VI

## NEGLIGENCE PER SE (HIPAA)

101.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

102.  Defendants' violation of HIPAA resulted in an injury to Plaintiffs.

103.  Plaintiffs fall within the class of persons HIPAA was intended to protect.

104.  The harms Defendant caused to Plaintiffs are injuries that result from the type of behavior that HIPAA was intended to protect.

105.  As a result, Plaintiffs have been harmed and/or injured.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a

jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT VII

## NEGLIGENCE PER SE (MISSISSIPPI CONSUMER PROTECTION ACT)

105a.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

105b.  The Mississippi Consumer Protection Act prohibits the use of unfair or deceptive trade practices in or affecting commerce.

105c.  Defendants' conduct in failing to implement basic and well-recognized practices and procedures for safeguarding Plaintiffs' Sensitive Information constitutes unfair and deceptive trade practices.

105d.  Defendants' violation of the MCPA resulted in an injury to Plaintiffs.

105e.  Plaintiffs fall within the class of persons the MCPA was intended to protect.

105f.  The harms Defendant caused to Plaintiffs are injuries that result from the type of behavior that the MCPA was intended to protect.

105g.  As a result, Plaintiffs have been harmed and/or injured.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT VIII

### BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING

106.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

107.   Under Mississippi law, every contract entered into within the State of Mississippi contains a covenant of good faith and fair dealing that prohibits a contracting party from intentionally depriving the other contracting party of the fruits of the contract (the "Covenant").

108.  Through the conduct stated in this Complaint, Defendants have breached the Covenant.

109.  Defendants' acts and omissions deprived Plaintiffs from receiving the fruits of the agreement.

110.   Defendants' breach of the Covenant completely and proximately caused Plaintiffs to suffer harm and damages.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT IX

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

111.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

112.   The   Fair Credit Reporting Act ("FCRA") requires consumer reporting agencies to adopt and maintain procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner fair and equitable  to consumers while maintaining the confidentiality, accuracy, relevancy and proper  utilization of  such information.  15 U.S.C.  § 1681(b).

113.  FCRA specifically protects medical information, restricting its dissemination to limited instances.  *See, e.g.*, 15 U.S.C. §§ 1681a(d)(3); 1681b(g); 1681c(a)(6).

114.  Defendants are a Consumer Reporting Agency as defined under FCRA because on a cooperative nonprofit basis and/or for monetary fees, Defendants regularly engage, in whole or in part, in the practice of assembling information on consumers for the purpose of furnishing Consumer Reports to third parties and/or uses interstate commerce for the purpose of preparing and/or furnishing Consumer Reports.

115.  As a Consumer Reporting Agency, Defendants were (and continue to be) required to adopt and maintain procedures designed to protect and limit the dissemination of consumer credit, personnel, insurance and other information (such as Plaintiffs' and Class Members' Sensitive Information) in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information.  Defendants, however, violated FCRA by failing to adopt and maintain such protective procedures which, in turn, directly and/or proximately resulted in the theft of Plaintiffs' Sensitive Information and its wrongful dissemination into the public domain.

116.  Plaintiffs' Sensitive Information, in whole or in part, constitutes medical information as defined by FCRA.  Defendants violated FCRA by failing to specifically

protect and limit the dissemination of Plaintiffs' Sensitive Information into the public domain.

117.  As a direct and/or proximate result of Defendants' willful and/or reckless violations of FCRA, as described above, Plaintiffs' Sensitive Information was stolen and/or made accessible to unauthorized third parties in the public domain.

118.  As a direct and/or proximate result of Defendants' willful and/or reckless violations of FCRA, as described above, Plaintiffs were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy and other economic and non-economic harm.

119.  Plaintiffs and Class Members, therefore, are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii)  the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of  identity theft and/or  identity fraud; (iii) deprivation of the value of  their Sensitive Information, for which there is a well-established national and international market; (iv) anxiety and emotional distress; and (v) statutory damages of not less than $100, and not more than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681n(a).

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described

damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

**COUNT X**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**

120.  Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

121.  In the alternative, and as described above, Defendants negligently violated FCRA by failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiffs' Sensitive Information for the permissible purposes outlined by FCRA which, in turn, directly and/or proximately resulted in the theft and dissemination of Plaintiffs' Sensitive Information into the  public domain.

122.   It was reasonably foreseeable that Defendants' failure to implement and maintain procedures to protect and secure Plaintiffs' Sensitive Information would result in an unauthorized third party gaining access to Plaintiffs' Sensitive Information for no permissible purpose under FCRA.

123.   As a direct and/or proximate result of Defendants' negligent violations of FCRA, as described above, Plaintiffs' Sensitive Information was stolen and/or made accessible to unauthorized third parties in the public domain.

124.   As a  direct and/or proximate result of Defendants' negligent violations of FCRA, as described above, Plaintiffs were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy and other economic and non-economic harm.

125.   Plaintiffs and Class Members, therefore, are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (iii) deprivation of the value of their Sensitive Information, for which there is a well-established national and international market; (iv) anxiety and emotional distress; and (v) statutory damages of not less than $100, and not more than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681n(a).

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT XI

## INVASION OF PRIVACY

126.   Plaintiffs adopt and re-allege all paragraphs set forth hereinabove as is fully set out herein.

127.   Defendants' misconduct, as described herein, and failure to encrypt, protect, or otherwise keep Plaintiffs' Sensitive Information confidential constituted an invasion of Plaintiffs' privacy.

128.   Said Sensitive Information and medical health information is not a matter of public concern.

129.  Defendants' misconduct resulted in an unreasonable intrusion into the private life and matters of Plaintiffs.

130.  Defendants' failures and misconduct constituted a public disclosure of private facts, the nature of which a reasonable person of ordinary sensibilities would find objectionable and offensive.

131.  As a direct result of Defendants' failures and misconduct, Plaintiffs' Sensitive Information and confidential medical health information was disclosed to the public.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiffs for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## RELIEF REQUESTED

132.  Certify this case as a class action on behalf of the Class and Subclasses as defined above, and appoint named Plaintiffs as class representatives and undersigned counsel as lead counsel;

133.  Find that Defendants are liable under all legal claims asserted herein for their failure to safeguard Plaintiffs' and Class members' Sensitive Information;

134.  Award injunctive and other equitable relief as is necessary to protect the interests of the Classes, including: (i) an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein, and (ii) requiring Defendants to protect all data collected through the course of its business in accordance with HIPAA and industry standards, (iii) consumer credit protection and monitoring services for Plaintiffs;

and (iv)  consumer credit insurance to provide coverage for unauthorized use of Plaintiffs'

personal information, medical information, and financial information;

135.  Award damages, including statutory damages where applicable and punitive

damages, to Plaintiffs and the Classes in an amount to be determined at trial;

136.  Award restitution for any identity theft, including, but not limited to payment

of any other costs, including attorneys' fees incurred by the victim in clearing the victim's

credit history or credit rating, or any costs incurred in connection with any civil or

administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising

as the result of Defendants' actions;

137.  Award restitution in an amount to be determined by an accounting of the

difference between the price Plaintiffs and the Classes paid in reliance upon Defendants'

duty/promise to secure its members' Sensitive Information, and the actual services—

devoid of  proper  protection mechanisms—rendered by Defendants;

138.  Award Plaintiffs and the Classes their reasonable litigation expenses and

attorneys' fees;

139.  Award Plaintiffs and the Classes pre and post-judgment interest to the

maximum extent allowable by law; and

140.  Award such other and further legal or equitable relief as equity and justice

may require.

## **JURY DEMAND**

Plaintiffs demand a jury trial on all issues in this action.

RESPECTFULLY SUBMITTED,

 __/S/ BRADLEY CLANTON__
BRADLEY CLANTON, MSB#10505

_/S/ JOE N. TATUM_
JOE N. TATUM, MSB#10308

OF COUNSEL:

JOE N. TATUM, MSB#10308   BRADLEY CLANTON, MSB #10505
TATUM & WADE, PLLC     CLANTON LEGAL GROUP, PLLC
P. O. BOX 22688       P. O. BOX 4781
JACKSON, MS  39225-2688   JACKSON, MS 39296
(601) 948-7770       (601) 454-8794
JNTATUM@AOL.COM     BRADCLANTONLAW@GMAIL.COM